IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERNEST SMALIS,

    Appellant,                      16cv0693
                                            ELECTRONICALLY FILED

    v.

CITY OF PITTSBURGH SCHOOL
DISTRICT, COUNTY BOARD OF
PROPERTY ASSESSMENT APPEAL AND
REVIEW,

    Appellee.


**MEMORANDUM ORDER RE: APPELLANT'S MOTION TO EXTEND TIME TO FILE
APPEAL AND MOTION FOR RECONSIDERATION OF
COURT'S ORDER DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Pending before the Court are motions filed by the Appellant, Ernest Smalis ("Smalis"), requesting an extension of time to file a notice of appeal of this Court's Memorandum Order, affirming the Orders of the Bankruptcy Court dismissing Adversary Action No. 15-2182-CMB, and affirming the Orders of the Bankruptcy Court denying post-dismissal relief, doc. no. 5, and also seeking reconsideration of this Court's Memorandum Order denying Smalis leave to appeal in forma pauperis, doc. no. 9. Doc. Nos. 10[1] and 11.

In support of his Motion seeking an extension of time to file a notice of appeal, Smalis states that he did not receive the Court's Memorandum Order dated August 25, 2016, doc. no. 5, until November 16, 2016 when he researched the docket in this case. Doc. No. 10. The Memorandum Order includes a reference that the Court's Order was electronically filed and

---

[1] Smalis styles his Motion as a "Motion to Amend Notice of Appeal, Restore Appellants [sic] Appeal Rights. Motion Requesting Enlargement of Time to Appeal This Courts [sic] Memorandum Order Dated August 25th 2016." Doc. No. 10. However, within the Motion, the only relief Smalis seeks is an extension of time to file the notice of appeal. *Id.* The Court will therefore only address the relief sought by the Motion.

copied to "All Registered ECF Counsel and Parties," but no indication that the Order was sent by mail to Smalis.  *Id.* and Doc. No. 5.

Federal Rule of Appellate Procedure 4(a)(6) provides that a district court may reopen the time for a party to file an appeal if: "(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced."  The Court finds that these factors are met and therefore will GRANT Smalis's Motion for an Extension of Time, doc. no. 10, and reopen the time for Smalis to file his Notice of Appeal within 14 days of the entry of this Order.

Turning to Smalis's Motion for Reconsideration of the Court's Memorandum Order denying him leave to file his notice of appeal in forma pauperis, doc. no. 9, the Court finds that these circumstances warrant reconsideration.  A motion for reconsideration must rely on either: (1) intervening change in controlling law; (2) availability of new evidence that was not available when the Court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 678 (3d Cir. 1999)).  Reconsideration motions may not be used to relitigate old matters or to present arguments or evidence that could have been raised prior to the entry of judgment.  Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 2810.1.

In his initial motion for leave to file in forma pauperis, Smalis presented evidence that his only source of income, $794.00 in Social Security benefits per month, has been ordered withheld

for payment of a debt to the Internal Revenue Service and that he is now without any income. Doc. No. 6-1. The Court finds that Smalis meets the standard for indigence under 28 U.S.C. § 1915. Because the Court's initial denial was based upon Smalis missing the appeal deadline, it is appropriate to reconsider that denial in accordance with the new evidence presented by Smalis in his motions showing that he did not receive notice of the Court's August 25, 2016 Memorandum Opinion. *See* Doc. Nos. 10 and 11. Accordingly, the Court will GRANT Smalis's Motion for Reconsideration and give him leave to file his Notice of Appeal in accordance with this order without payment of the filing fee.

SO ORDERED, this 29th day of November, 2016

s/Arthur J. Schwab_____
Arthur J. Schwab
United States District Judge